**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YORDANIS TELLEZ MUNOZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1688-J** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

# REPORT AND RECOMMENDATION

Petitioner Yordanis Tellez Munoz, a noncitizen[2] and Cuban national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, and a Memorandum of Law in Support, Doc. 2, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide

---

[1] David J. Venturella was announced as Acting Director of U.S. Immigration and Customs Enforcement in May 2026. He replaces Patrick J. Leghleitner and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d). United States Attorney General Todd Blanche previously was substituted for Merrick Garland, and Secretary of Homeland Security Markwayne Mullin previously was substituted for Alejandro Mayorkas, both pursuant to Rule 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

**I. Background**

Petitioner, a citizen of Cuba, entered the United States on or about August 29, 2023, without inspection or admission near Lukeville, Arizona, and was taken into ICE custody. Doc. 1-3 at 2 (Notice to Appear). On August 31, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 1-3 at 2-3. The same day, Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226. Doc. 1-3 at 4. At some point later, Petitioner filed an application for asylum, which remains pending. Doc. 1 at 4; Doc. 2 at 1.

Petitioner alleges he was taken into ICE custody on June 24, 2026, without "any written explanation for detention." Doc. 2 at 2 (citation modified). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), but they acknowledge the Tenth Circuit's recent decision to the contrary in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Resp. at 1. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

Petitioner has pending immigration proceedings before an IJ, with his next hearing scheduled for September 1, 2026. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 27, 2026).

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1 at 3. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Aug. 27, 2026).

## II. Petitioner's Claims

Petitioner asserts five counts in his Petition.

- **Count I: Fifth Amendment Due Process Violation.** Petitioner alleges his continued detention is "punitive, arbitrary, and unconstitutional" because ICE has not conducted an individualized bond hearing or shown he "is a danger or flight risk." Doc. 2 at 3-4; *see also* Doc. 1 at 5.

- **Count II: Failure to Provide Custody Review**. Petitioner claims his continued detention without a "custody review" violates due process, ICE regulations, and federal law. Doc. 2 at 4; Doc. 1 at 5.

- **Count III**: **Removal Not Reasonably Foreseeable**. Petitioner alleges his removal is not reasonably foreseeable and his detention is therefore unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Doc. 2 at 4; Doc. 1 at 5.

- **Count IV**: **Unlawful Conditions of Confinement**. Petitioner claims his conditions of confinement are unlawful because they restrict his access to counsel and legal materials, communications with family, and ability to litigate. Doc. 2 at 4; Doc. 1 at 5.

- **Claim V: Failure to Consider Alternatives to Detention**. Petitioner alleges ICE has not properly considered parole, supervision, or release for him. Doc. 2 at 5; Doc. 1 at 6.

He requests "immediate release," "custody review," any "alternatives to detention," and an emergency stay of removal and transfer. Doc. 1 at 6-7 (citation omitted); *see also* Doc. 2 at 5-6.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)

("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges ICE has unlawfully detained him since June 24, 2026, without any "custody review," in violation of federal law and ICE regulations. Doc. 2 at 4. Liberally construed, Petitioner claims § 1226(a) governs his current detention and he should be entitled to a bond hearing. Respondents acknowledge Petitioner raises a statutory challenge to his detention. Resp. at 1. They maintain Petitioner is properly detained under § 1225(b)(2)(A), but acknowledge "the Tenth Circuit's *Quiroz* decision compels a different outcome." Resp. at 1.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla.

July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release" from ICE custody or any "alternatives to detention." Doc. 1 at 7 (citation modified). The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate

---

[3] This conclusion is also in accord with persuasive authority in the First, Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[4]

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues his continued detention (1) violates his rights to due process, (2) is unlawful under *Zadvydas* because his removal is not reasonably foreseeable, and (3) provides unlawful conditions of confinement. Doc. 1 at 5; Doc. 2 at 3-4. First, if the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the

---

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

undersigned recommends the Court decline to decide the merits of Petitioner's due process claim based on his continued detention. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

Second, any reliance by Petitioner on *Zadvydas* is misplaced, as the principles from that case govern detention of a nonresident subject to a final order of removal. 533 U.S. at 701. Petitioner does not yet have a final order of removal.

Third, Petitioner's allegations related to his conditions of confinement are not properly raised in this Petition. A petitioner who challenges "the fact or duration" of his confinement and seeks release from ICE custody must bring a § 2241 habeas petition, but a detainee's challenge to the conditions of his confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also, e.g.*, *Ndou v. Noem*, No. 26-CV-220, 2026 WL 686564, at *4 (D.N.M. Mar. 11, 2026) (finding an immigration petitioner's "claims related to conditions of confinement are properly raised under a civil rights action, not a habeas corpus petition").

## V. <u>**Motion to Appoint Counsel**</u>

Petitioner also filed a Motion to Appoint Counsel, requesting appointment of counsel because of the nature of his claims and his alleged impairment on his ability to litigate the case while in custody. Doc. 3. Adoption of the undersigned's Report and Recommendation would moot Petitioner's motion for appointment of counsel.

## VI. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. Adoption of this recommendation would **MOOT** Petitioner's motion for appointment of counsel, Doc. 3.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 3, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 27th day of August, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE